UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RONALD I. CHORCHES AS TRUSTEE OF THE CHAPTER 7 BANKRUPTCY ESTATE OF CHRISTOPHER M. COUGHLIN, | * * * * * | CIVIL ACTION NO. |
| Plaintiff, | * * | AUGUST 16, 2013 |
| v. | * | |
| STEWART TITLE GUARANTY COMPANY, | * * * | |
| Defendant. | * | |

_____

## COMPLAINT

**PARTIES AND RELATED PERSONS AND ENTITIES**

1. Christopher M. Coughlin (hereinafter "Coughlin" or "Debtor") is a Connecticut resident with a home address of One Random Road, Greenwich, Connecticut.

2. The Plaintiff is Ronald I. Chorches as Trustee of the Chapter 7 Bankruptcy Estate of Coughlin.

3. Stewart Title Guaranty Company (herinafter "Stewart" or "Defendant") is Texas company in the business of, among other matters, the issuing of title insurance policies to homeowners.  Stewart is authorized to do business in the State of Connecticut.

**JURISDICTION**

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the Debtor is a Connecticut citizen and the defendant is a Texas company, and the amount in controversy exceeds $75,000.

4. Venue is proper in this Court; the Debtor resides in Connecticut, and the title policy sold by the defendant was delivered to Connecticut and concerned a Connecticut property.

**BACKGROUND**

5. The Debtor is the owner of certain real property located at One Random Road in Greenwich, Connecticut ("One Random").

6. At the time of the Debtor's purchase of One Random on or about October 1, 1996, the defendant issued a title insurance policy, policy number 0-9993-886951, to the Debtor.

7. At the time of the purchase, the defendant had a title search performed, which showed a single easement recorded with respect to One Random. That easement concerned the sewer line for One Random.

8. One month after the purchase of One Random, the owner of Two Random Road, Paul Koch, approached the Debtor and advised him that Two Random Road had a "floating easement" over One Random for the utilities at Two Random Road.

9. In reality, on undefined easement, did exist for the benefit of the both Two Random Road and Four Random Road.

10. Thereafter, litigation was commenced by the defendant on behalf of the Debtor against the prior owner of One Random as well as the real estate attorney who had performed the title search on behalf of the defendant.

11. That litigation eventually went to the Connecticut Supreme Court where it was determined that Two and Four Random Road did have utility easement rights over One Random.

12. Thereafter, despite the fact that the easement remained undefined after the Supreme Court decision, neither the owners of Two Random nor Four Random filed easements with the Town of Greenwich.

13. Because the existing utility lines from Two Random and Four Random across One Random were inconsistent with the original easement, the Debtor filed suit against the owners of both in the Connecticut Superior Court.

14. The defendant did not assist the Debtor in that litigation and did not provide counsel to prosecute that matter on the Debtor's behalf.

15. That litigation went to trial in April of 2011.

16. The trial resulted in a finding that the Debtor was barred by collateral estoppel from challenging the existence of the easements and the location of the utility lines supporting Two Random and Four Random running through One Random.

17. The Debtor was then left with an easement across his property that was undefined and unrecorded.

18. The Debtor sent a demand to the defendant on April 26, 2011, seeking its assistance "to clear [One Random's] title and record any valid easements or encumbrances that are on One Random road and the cost and losses incurred" as a result of the disputed easements and the lack of proper definition and recordings of the easements.

19. The Debtor also sought assistance with an appeal of the trial court decision in the litigation against the owners of Two Random Road and Four Random Road.

20. The defendant acknowledged receipt of the demand letter from the Debtor, but failed to take any action to assist the Debtor in correcting the situation, clearing the title, and filing the appeal.

21. Thereafter, at his own expense, the Debtor filed an appeal with the Connecticut Appellate Court, which upheld the decision of the trial court.

22. The Debtor, again at his own expense, filed a Petition for Certification with the Connecticut Supreme Court.

23. That Petition was rejected.

24. On or about, November 5, 2012, the Debtor's counsel wrote to the defendant seeking its assistance in clearing the title to One Random and with prosecuting the appeal.

25. The defendant acknowledged receipt of that correspondence, but again failed to take any action to assist the Debtor.

26. As a result of the costs incurred with respect to the ongoing title issues with One Random, including extensive legal fees, the Debtor was forced to file for Chapter 11 Bankruptcy protection.

27. The litigation involving the owners of Two Random and Four Random has returned to the Superior Court and remains unresolved.

28. The owner of the mortgage on One Random brought a foreclosure action against the Debtor as a result of his failure to pay the mortgage.

29. The Debtor has been unable to pay the mortgage because of the costs and expenses incurred with respect to the title issues.

30. In addition, the Debtor has been unable to seek new financing for One Random as a result of his financial situation, which all stems from the ongoing title dispute.

## COUNT ONE
### Bad Faith By Insurer

31. The allegations of paragraphs 1 through 30 of the Complaint are repeated and realleged as if set forth fully herein.

32. The defendant issued a title policy to the Debtor that was in effect and remained in effect at all times applicable to this matter.

33. The Debtor was entitled to certain benefits under the policy including the defendant's assistance in clearing title, the defendant's appointment of counsel to assist in clearing title, and the payment of expenses related to the clearing of title.

34. Despite notice from the Debtor, the defendant failed to provide the benefits provided by the policy and demanded by the Debtor.

35. The defendant had no reasonable basis for its refusal to provide those benefits and has never set forth any basis for its total failure to even respond to the Debtor's demands for assistance.

36. The defendant knew and/or recklessly disregarded the fact that it had no reasonable basis to withhold the benefits provided by the policy and demanded by the Debtor.

## COUNT TWO
## Breach of Contract

37. The allegations of paragraphs 1 through 36 of the Complaint are repeated and realleged as if set forth fully herein.

38. The defendant issued a title policy to the Debtor that was in effect and remained in effect at all times applicable to this matter.

39. The Debtor was entitled to certain benefits under the policy including the defendant's assistance in clearing title, the defendant's appointment of counsel to assist in clearing title, and the payment of expenses related to the clearing of title.

40. The Debtor performed all of his obligations pursuant to the terms of the policy.

41. Despite notice from the Debtor, the defendant failed to provide the benefits provided by the policy and demanded by the Debtor.

42. As such, the defendant breached its obligations pursuant to the terms of the policy.

43. As a result of the Debtor has suffered damages.

## COUNT THREE
## Connecticut Unfair Unfair Trade Practices Act

44. The allegations of paragraphs 1 through 36 of the Complaint are repeated and realleged as if set forth fully herein.

45. The defendant failed to acknowledge and act with reasonable promptness upon communications from the Debtor with respect to claims arising under the insurance policy.

46. The defendant failed to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurance policy.

47. The defendant refused to address the Debtor's claim without conducting a reasonable investigation based upon all available information.

48. The defendant failed to affirm or deny coverage of the Debtor's claims within a reasonable time after his notice to the defendant.

49. The defendant did not attempt in good faith to effectuate a prompt, fair and equitable resolution of the Debtor's claims despite the fact that coverage was clearly afforded by the policy.

50. The defendant compelled the Debtor to institute litigation to recover the benefits provided by the policy.

51. The defendant failed to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of the Debtor's claim.

52. The defendant's acts and omissions offended the public policies of this state.

53. The defendant's acts and omissions violated the Connecticut Unfair Insurance Practices Act.

54. The defendant's acts and omissions were immoral, oppressive, unethical and unscrupulous.

55. The defendant's acts and omissions could cause substantial injury to consumers in this state.

56. The defendant's acts and omissions as outlined herein are a general business practice of the defendant.

57. The defendant's acts and omissions and violations of CUIPA constitute a violation of the Connecticut Unfair Trade Practices Act.

WHEREFORE, the Debtor claims:

    a. compensatory damages;

    b. interest and costs;

    c. punitive damages;

    d. attorney's fees and legal costs; and

    e. such other relief in law or equity as this Court deems appropriate and equitable.

PLAINTIFF,
RONALD I. CHORCHES AS
TRUSTEE OF THE CHAPTER 7
BANKRUPTCY ESTATE OF
CHRISTOPHER M. COUGHLIN



BY:_____
Theodore W. Heiser
ct23807
Sullivan Heiser, LLC
4 Post Office Square
Clinton, Connecticut 06413
(860) 664-4440
(860) 664-4422 (fax)
twh@sullivanheiser.com

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RONALD I. CHORCHES AS TRUSTEE OF THE CHAPTER 7 BANKRUPTCY ESTATE OF CHRISTOPHER M. COUGHLIN, <br><br> Plaintiff, <br><br> v. <br><br> STEWART TITLE INSURANCE CO., <br><br> Defendant. | * CIVIL ACTION NO. <br> * <br> * <br> * <br> * <br> * AUGUST 16, 2013 <br> * <br> * <br> * <br> * <br> * <br> * |

## JURY TRIAL CLAIM

The Plaintiff, Ronald I. Chorches as Trustee of the Chapter 7 Bankruptcy Estate of Christopher M. Coughlin, claims a trial by jury on all claims triable by jury.

                              PLAINTIFF,
                              RONALD I. CHORCHES AS
                              TRUSTEE OF THE CHAPTER 7
                              BANKRUPTCY ESTATE OF
                              CHRISTOPHER M. COUGHLIN



BY:_____
      Theodore W. Heiser
      ct23807
      Sullivan Heiser, LLC
      4 Post Office Square
      Clinton, Connecticut 06413
      (860) 664-4440
      (860) 664-4422 (fax)
      twh@sullivanheiser.com